**QING LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–0064–ag.

United States Court of Appeals,
Second Circuit.

Oct. 20, 2006.

Karen Jaffe, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Sunny A.M. Koshy, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Petitioner Qing Lin, a native and citizen of China, seeks review of a December 15, 2003 order of the BIA affirming the September 6, 2002 decision of Immigration Judge ("IJ") Miriam K. Mills denying his

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

application for asylum and withholding of removal. *In re Qing Lin*, No. A76 627 360 (B.I.A. Dec. 15, 2003), *aff'g* No. A76 627 360 (Immig. Ct. N.Y. City Sept. 6, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In this case, the BIA adopted and affirmed the IJ's decision only with respect to the burden of proof findings; it did not adopt or affirm the IJ's adverse credibility determination. Accordingly, this Court reviews only the IJ's burden of proof finding, as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, the only harm that could have served as the basis for Lin's past persecution claim was his expulsion from school. Even assuming that Lin was expelled on account of his political beliefs, the IJ was reasonable in finding that this expulsion was insufficiently severe to be considered persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (holding that the harm must be sufficiently severe, rising above "mere harassment"); *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (same); *see also Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993) (Alito, J.) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"). Lin did not make any claims that the expulsion was severely detrimental to his future, nor did he indicate that he was permanently harmed by the expulsion. Accordingly, the BIA's and IJ's determination that Lin did not suffer persecution in China is supported by substantial evidence.

■ The BIA found that Lin's "uncorroborated testimony" failed to demonstrate a well-founded fear of persecution on account of any of the enumerated grounds. During his hearing, Lin was asked why he left China, and he indicated that he believed the police were seeking to put him in a juvenile detention center. However, he did not provide any testimony indicating that the police would still seek to harm him upon his return to China because he objected to the government's policies several years ago. As a result, he failed to prove that any fear he did have of returning to China was objectively reasonable. Moreover, at no point during his hearing did Lin testify that he would continue to speak out against the government if he returns to China. Accordingly, the BIA did not err in finding that Lin failed to meet the burden of proof required to succeed on a well-founded fear of persecution claim.

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for

withholding of removal. *See Gao v. Gonzales*, 424 F.3d 122, 128 (2d Cir.2005); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.